# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3784

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Talon Colt Wildwood, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2006
Filed: March 3, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Talon Colt Wildwood was convicted of sexual contact with a juvenile in 1994 and was sentenced to 120 months in prison. As part of Wildwood's supervised release, he was required to participate in a sex offender program. At group sessions, Wildwood stated he was having fantasies about sexually assaulting women, including a young girl who lived near him. Wildwood also admitted to using pornography, which violated the treatment program's rules. A staff member found a picture of a naked female in Wildwood's wallet, with the young girl's head affixed to the photograph. After Wildwood told his supervising probation officer that he had used the photograph for sexual purposes, Wildwood was terminated from the sex offender

program, and his probation officer started release revocation proceedings. A summons was issued on October 5, and on October 7, the district court<sup>*</sup> conducted a hearing, revoked Wildwood's supervised release, and imposed a sentence of two years in prison.

On appeal, Wildwood argues the court's quick action denied him due process. According to Wildwood, the court should have granted his request for a short continuance because he wanted to call a witness, the author of the report terminating him from the treatment program, to challenge the policy behind the termination.

Although the district court acted quickly and denied counsel a continuance, there is no due process violation here. A defendant's due process rights with respect to a supervised release revocation hearing are limited to "evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Morrissey v. Brewer, 408 U.S. 471, 488 (1972). The defendant must be given an opportunity to be heard and to show he did not violate the conditions or that if he did, mitigating circumstances suggest the violation does not warrant revocation. Id.

Here, there is no question that Wildwood violated the condition of supervised release requiring him to complete the treatment program. Wildwood does not argue he was terminated from the treatment program based on facts that were not true, and does not contend he was deprived of a chance to present evidence or to question any witness regarding whether or not he had been terminated from the program. At the hearing, Wildwood's probation officer testified Wildwood admitted he possessed the picture and fantasized about rape, and one of the reasons for his termination from the treatment program was his possession of the picture. Wildwood does not contend his

---

<sup>*</sup>The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

witness would contradict this testimony. The record shows the evidence about Wildwood's termination from the program was reliable and the proposed witness's testimony had little value. See United States v. Redd, 318 F.3d 778, 784 (8th Cir. 2003). Because Wildwood does not dispute he was terminated from the sex offender program that was a requirement of his supervised release, the district court did not abuse its discretion in finding Wildwood violated the conditions of his release. Further, given the evidence in the record that imprisonment was necessary to protect the public from Wildwood, the district court did not abuse its discretion in revoking Wildwood's supervised release and in imposing a sentence.

We thus affirm the district court. Wildwood's pro se motion to dismiss the appeal is denied.

_____